UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA and the STATE OF DELAWARE ex rel. SHERRY SCHARFF, L.P.N. and WALTER T. DECYK, III, L.P.N.<br><br>   Plaintiff,<br><br>v.<br><br>IHS, INC., et al.<br><br>   Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 04-105 (JJF)<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER

This matter having come before the Court on the Joint Stipulation of Partial Dismissal filed by the State of Delaware, the United States, and Relator Decyk; and the Court being fully advised in the matter, and finding that there is good cause to grant the requested relief,

IT HEREBY IS ORDERED that, the parties having executed a settlement agreement ("Settlement Agreement") in this matter, the Court finds that it is fair, adequate, and reasonable pursuant to 31 U.S.C. § 3730(c)(2)(B) and (b)(1) and, accordingly, the Court consents to the Joint Stipulation of Partial Dismissal; and

IT IS FURTHER ORDERED that the redacted Second Amended Complaint filed by the Relators in this action (attached as Exhibit 1) shall be **unsealed**; and

IT IS FURTHER ORDERED that the Government's Notice of Partial Intervention in this action shall be **unsealed**; and

IT IS FURTHER ORDERED that, consistent with the terms of the above-referenced Settlement Agreement and with the joint agreement of the parties, the allegations in Counts I - IV of Relators' Second Amended Complaint against (I) GVP, (ii) IHS, Inc., (iii) Trans Healthcare, Inc., (iv) Green Acres Health Systems, Inc., (v) Green Valley Terrace, (vi) Allen Segal, (vii) Gary Segal, (viii) Mary Casper, (ix) Denise Rhinehardt, (x) Sandy Edwards, and (xi) Jeff Blake shall be dismissed with prejudice as to Relator Decyk; and

IT IS FURTHER ORDERED that, consistent with the terms of the above-referenced Settlement Agreement and with the joint agreement of the parties, the allegations that, (1) during the period from May 1, 2003 through and including May 31, 2004, Defendant GVP, through its employees, submitted requests for add-on payments to Delaware Medicaid knowing that the medical charges for its Delaware Medicaid residents had been unlawfully altered to indicate that rehabilitative and psycho-social services had been provided to said residents, when in fact such services had not been provided; and (2) from January 1, 2003 through May 31, 2004, Defendant GVP, through its employees, knowingly altered GVP staffing records to improperly evidence compliance with the staffing requirements contained in "Eagle's Law," 16 Del. Code Ann. §§ 1161, et seq. shall be dismissed with prejudice as to the United States and to the State of Delaware; and

IT IS FURTHER ORDERED that, consistent with the terms of the above-referenced Settlement Agreement and with the joint agreement of the parties, the remaining allegations set forth in Relators' Second Amended Complaint against: (I) GVP, (ii) IHS, Inc., (iii) Trans Healthcare, Inc., (iv) Green Acres Health Systems, Inc., (v) Green Valley Terrace, (vi) Allen Segal, (vii) Gary Segal, (viii) Mary Casper, (ix) Denise Rhinehardt, (x) Sandy Edwards, and (xi)

Jeff Blake shall be dismissed without prejudice to the United States;

IT IS FURTHER ORDERED that, consistent with the terms of the above-referenced Settlement Agreement and with the joint agreement of the parties, the remaining allegations set forth in Relators' Second Amended Complaint against: (I) GVP, (ii) IHS, Inc., (iii) Trans Healthcare, Inc., (iv) Green Acres Health Systems, Inc., (v) Green Valley Terrace, (vi) Allen Segal, (vii) Gary Segal, (viii) Mary Casper, (ix) Denise Rhinehardt, (x) Sandy Edwards, and (xi) Jeff Blake shall be dismissed without prejudice to the State; and

IT IS FURTHER ORDERED that the allegations asserted by Relator Decyk in Counts XI and XII of Relators' Second Amended Complaint shall be unsealed and Relator Decyk shall serve the defendants named in these Counts with a copy of the redacted Second Amended Complaint. A copy of this Order shall also be **unsealed** and served upon these defendants; and

IT IS FURTHER ORDERED that the Court's Order granting Relator Scharff's motion to withdraw with prejudice shall be **unsealed**; and

IT IS FURTHER ORDERED that all other allegations against other defendants contained in Relators' Second Amended Complaint shall **remain under seal** until further Order of this Court; and

IT IS FURTHER ORDERED that all other contents of the Court's file in this action shall **remain under seal** and shall not be made public or served upon the defendants; and

IT IS FURTHER ORDERED, except as specifically set forth in the Settlement Agreement between the parties, that each party shall bear its own costs.

DONE and ORDERED this 9 day of May, 2007.

_____
UNITED STATES DISTRICT JUDGE